**ALVERSON TAYLOR & SANDERS**
KURT R. BONDS, ESQ.
Nevada Bar #6228
MADISON M. AGUIRRE, ESQ.
Nevada Bar #16183
6605 Grand Montecito Parkway
Suite 200
Las Vegas, Nevada 89149
(702) 384-7000
efile@alversontaylor.com
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| SCOTT GIRARD CRUMP,<br><br>    Plaintiff,<br><br>vs.<br><br>WALMART, INC., a Foreign Corporation; DOE STORE MANAGERS I through X; DOE STORE EMPLOYEES I through X; DOE OWNERS I through X; DOE PROPERTY MANAGERS I through X; DOE MAINTENANCE EMPLOYEES I through X; DOE JANITORIAL EMPLOYEES I through X; ROE PROPERTY MANAGERS XI through XX; ROE MAINTENANCE COMPANIES XI through XX; ROE OWNERS XI through XX; ROE EMPLOYERS XI through XX; DOES XXI through XXV; and ROE CORPORATIONS, XXV through XXX, inclusive, jointly and severally,<br><br>    Defendants. | Case No.:<br><br>[District Court, Clark County, Case No.: A-22-860386-C, Dept No.: 25]<br><br>**DEFENDANT WALMART, INC.'S PETITION OF REMOVAL** |

## **PETITION OF REMOVAL**

Pursuant to 28 U.S.C. § 1332, 1441, and 1446, Defendant WALMART, INC. ("Defendant") hereby files this Petition of Removal of the above referenced action from the Eighth Judicial District Court for the District of Nevada. In support of removal of this action, Defendant states as follows:

1                                                                                                          KB/28032

## I. BACKGROUND

1. On October 26, 2022, Plaintiff SCOTT GIRARD CRUMP ("Plaintiff"), filed his Complaint against Defendant and various fictitious parties in the Eighth Judicial District Court, Clark County, Nevada, Case A-22-860386-C. A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit A**.

2. On November 1, 2022, Defendant was served. A true and correct copy of the Affidavit of Service is attached hereto as **Exhibit B**.

3. On November 22, 2022, Defendant filed its Answer. A true and correct copy of Defendant's Answer is attached hereto as **Exhibit C**.

4. Pursuant to 28 U.S.C. § 1441(b), the citizenship of the fictitious defendants shall be disregarded in determining jurisdiction. *See* 28 U.S.C. § 1441(b)(1) (regarding removal based on diversity of citizenship jurisdiction, "in determining whether a civil action is removable under section 1332(a) of this title, the citizenship of fictitious defendants shall be disregarded").

5. Plaintiff's Complaint pleads three causes of action: 1) negligence, 2) negligent hiring, training, and supervision, and (3) respondeat superior. *See* Ex. A.

6. Plaintiff seeks judgment against Defendant for general and compensatory damages in an amount in excess of $15,000.00; special damages in a presently unascertainable amount; for reasonable attorney fees, costs of suit, and interest incurred herein; and for such other relief as the Court deems just and proper. *See* Ex. A.

## II. TIMELINESS OF REMOVAL

7. Generally, notice of removal must be filed within 30 days of the defendant's receipt of a copy of the initial pleading in an action. *See* 28 U.S.C. § 1446(b).

8. On November 1, 2022, Defendant, through its registered agent, was served with a copy of

the Complaint.

9. In Plaintiff's Complaint, Plaintiff alleged damages in excess of $15,000.00, with injuries including injury to Plaintiff's neck, head, a left wrist fracture, a left rotator cuff tear/rupture, and chronic and permanent disability, which put Defendant on notice that the amount in controversy is likely in excess of $75,000.00.

10. Defendant is a foreign corporation, and Plaintiff is a resident of Nevada, which satisfies complete diversity of citizenship. *See* Ex. A.

11. Thus, this Notice of Removal is timely as there is complete diversity of citizenship and such Notice has been filed within thirty (30) days of Defendant receiving notice that the amount in controversy is likely in excess of $75,000.00.

### III. DIVERSITY JURISDICTION

12. This Court has original subject matter jurisdiction over this action pursuant to the diversity jurisdiction statute codified at 28 U.S.C. § 1332, which provides, in pertinent part, that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different states." 28 U.S.C. § 1332(a)(1). As set forth below, the requirements for subject matter jurisdiction are satisfied because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy is likely in excess of $75,000, exclusive of interests and costs.

**A. Complete Diversity of Citizenship Exists**

13. For the purpose of diversity of citizenship jurisdiction, an individual is a citizen of the state in which he is domiciled. *See Newman-Green, Inc. v. Alfonzo-Lorrain,* 490 U.S. 826, 828 (1989). For the purposes of diversity jurisdiction, an individual is domiciled in the single state where he resides if the individual has no present intention to reside in another state. *See*

3    KB/28032

*Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

14. For the purpose of diversity of citizenship jurisdiction, a corporation shall be deemed to be a citizen of any state in which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 93 (2010). A corporation's principal place of business is usually the singular location of the corporation's main headquarters "from which the corporation radiates out to its constituent parts." *Hertz Corp.*, 559 U.S. at 93. This "nerve center" test displaced the formerly utilized "business activities test" and does not take into consideration the places in which the corporation has a registered agent or conducts business. *Hertz,* 559 U.S. at 93. An unincorporated division, trade name, or d/b/a of a corporation is not a separate and distinct entity for purposes of removal, and its citizenship, for diversity purposes, is identical to that of the corporation to which it belongs. *See e.g., Breitman v. May Company, Cal.*, 37 F.3d 562, 564 (9th Cir. 1994) ("We find that the distinction between an incorporated subsidiary and an unincorporated division is important for determining diversity jurisdiction. A division of a corporation does not possess the formal separateness upon which the general rule is based, and thus is not an independent entity for jurisdictional purposes.") (internal citations omitted).

15. Plaintiff is domiciled in, and a resident of, Nevada. *See* Ex. A.

16. Defendant WALMART, INC. is a corporation organized under the laws of the State of Delaware, with its principal place of business in Arkansas. Plaintiff's Complaint admits that Defendant is a foreign corporation. *See* Ex. A.

17. Because Plaintiff is a citizen of Nevada and Defendant is a citizen of Delaware and Arkansas, complete diversity of citizenship exists.

**B. The Amount in Controversy Exceeds $75,000, Exclusive of Costs and Interest**

18. "In determining whether the defendant has established that diversity jurisdiction exists, the district court must first consider whether it is 'facially apparent' from the complaint that the jurisdictional amount in controversy requirement is met." *McCaa v. Mass. Mut. Life Ins. Co.*, 330 F. Supp.2d 1143, 1145 (D.Nev. 2004) (citing *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

19. In Plaintiff's Complaint, Plaintiff alleged damages in excess of $15,000.00, with injuries including injury to Plaintiff's neck, head, a left wrist fracture, a left rotator cuff tear/rupture, and chronic and permanent disability, which put Defendant on notice that the amount in controversy is likely in excess of $75,000.00.

20. Thus, the amount in controversy is facially apparent from the damages alleged in Plaintiff's Complaint.

### IV. VENUE IS PROPER IN THIS DISTRICT AND DIVISION

21. Plaintiff filed his Complaint in the Eighth Judicial District Court of the State of Nevada in and for the County of Clark, which lies in the United States District Court for the District of Nevada. Accordingly, venue is proper pursuant to 28 U.S.C. § 1441(a).

### V. THE OTHER REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

22. A Notice of Filing, with a copy of this Petition of Removal attached, will promptly be filed with the Clerk of the Eighth Judicial District Court of the State of Nevada in and for the County of Clark, as required by 28 U.S.C. § 1446(d).

23. A written notice of the filing of this Petition of Removal will be given to Plaintiff as required by law pursuant to 28 U.S.C. § 1446(d).

24. Additionally, as required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders filed in the underlying state court action are attached hereto as **Exhibit D.**

25. The allegations within this Petition of Removal are true and correct, and this cause is within the jurisdiction of the United States District Court for the District of Nevada.

26. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this civil action is removable.

DATED this 1st day of December, 2022.

ALVERSON TAYLOR & SANDERS

*/s/ Kurt R. Bonds*
KURT R. BONDS, ESQ.
Nevada Bar #6228
MADISON M. AGUIRRE, ESQ.
Nevada Bar #16183
6605 Grand Montecito Parkway
Suite 200
Las Vegas, Nevada 89149
(702) 384-7000
*Attorneys for Defendants*

### CERTIFICATE OF SERVICE

I certify that on the 1st day of December, 2022, service of the above and foregoing **DEFENDANT'S PETITION OF REMOVAL** was made by electronically filing a true and correct copy of the same to each party addressed as follows:

NEAL K. HYMAN, ESQ.
Nevada State Bar No. 5998
LAW OFFICES OF NEAL HYMAN
9480 S. Eastern Avenue, Suite 224
Las Vegas, NV 89123
neal@nealhyman.com
www.nealhyman.com
*Attorneys for Plaintiff*

*/s/ Teri Jenks*
An Employee of ALVERSON TAYLOR & SANDERS

N:\CLIENTS\Walmart\28032\Pleadings\28032 Petition of Removal (Federal Court).doc

6                                                           KB/28032